UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRAIG WILSON #119853**                                    **CIVIL ACTION**

**versus**                                                  **NO. 06-890**

**BURL CAIN**                                               **SECTION: "A" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Craig Wilson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On December 2, 1998, he was convicted of attempted manslaughter in violation of La.Rev.Stat.Ann. § 14:(27)30.1.[2] On May 4, 1999, he was found to be a second offender and was sentenced as such to a term of forty years imprisonment, without benefit of probation or suspension of sentence, with credit for time served.[3] On May 11, 2001, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[4] Petitioner then filed with the Louisiana Supreme Court a related writ application[5] which was denied on September 13, 2002.[6] He also filed a *pro se* motion for rehearing[7] which was denied on June 27, 2003.[8]

On February 25, 2004, petitioner filed with the state district court an application for post-conviction relief,[9] which was denied.[10] The Louisiana First Circuit Court of Appeal denied a

---

[2] State Rec., Vol. III of V, transcript of December 2, 1998, p. 89; State Rec., Vol. II of V, minute entry dated December 2, 1998; State Rec., Vol. II of V, jury verdict form.

[3] State Rec., Vol. III of V, transcript of May 4, 1999, pp. 13-14; State Rec., Vol. II of V, minute entry dated May 4, 1999.

[4] State v. Wilson, No. 2000 KA 2002 (La. App. 1st Cir. May 11, 2001) (unpublished); Supplemental State Rec., Vol. I of I.

[5] Rec. Doc. 13, Exhibit E.

[6] State v. Wilson, 824 So.2d 1188 (La. 2002) (No. 2001-K-2300); Supplemental State Rec., Vol. I of I.

[7] Rec. Doc. 13, Exhibit G.

[8] State v. Wilson, 847 So.2d 1258 (La. 2003) (No. 2001-K-2300); Supplemental State Rec., Vol. I of I.

[9] Supplemental State Rec., Vol. I of I; see Rec. Doc. 13, pp. 3 and 6.

[10] Supplemental State Rec., Vol. I of I, Order with Incorporated Reasons dated April 20, 2004.

related writ application on October 18, 2004,[11] as did the Louisiana Supreme Court on December 16, 2005.[12]

On January 31, 2006, petitioner filed this federal *habeas corpus* application asserting numerous claims.[13] In response, the state submitted an incomplete copy of the state court record and a memorandum addressing only the issue of the timeliness of the federal application.[14] The Court then ordered the state to file a supplemental response addressing the merits of petitioner's claims and any other defenses the state wished to raise,[15] whereupon the state filed a supplemental response arguing that petitioner failed to exhaust his state court remedies and, alternatively, that his claims were without merit.[16] Petitioner has filed memoranda in opposition to both of the state's responses.[17]

Upon careful review of the record and the law, the undersigned finds that petitioner's federal application is indeed untimely and should be dismissed on that basis for the following reasons.

---

[11] State *ex rel.* Wilson v. State, No. 2004-KW-1349 (La. App. 1st Cir. Oct. 18, 2004) (unpublished); Supplemental State Rec., Vol. I of I.

[12] State *ex rel.* Wilson v. State, 917 So.2d 1090 (La. 2005).

[13] The application was filed with the United States District Court for the Middle District of Louisiana and subsequently transferred to this Court. Rec. Doc. 1.

[14] Rec. Doc. 11.

[15] Rec. Doc. 12. The state was also ordered to supplement the incomplete state court record it had filed with the Court.

[16] Rec. Doc. 16.

[17] Rec. Docs. 13 and 18.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[18]

As noted, on September 13, 2002, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction. For AEDPA purposes, his conviction became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, the undersigned concludes that petitioner's one-year period for seeking federal *habeas corpus* relief commenced on December 12, 2002.

In so concluding, the undersigned specifically rejects any contention that the finality date of petitioner's conviction was affected by the *pro se* "Request for Rehearing" he filed with the Louisiana Supreme Court on September 27, 2002. In its decision of September 13, 2002, the Louisiana Supreme Court issued a one-word denial of petitioner's application for a writ of certiorari and/or review challenging the intermediate appellate court's affirmance of his conviction and sentence. Under Louisiana law, the Louisiana Supreme Court will not entertain a request for a rehearing of such a decision. Rather, the Rules of the Louisiana Supreme Court expressly provide

---

[18] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

in pertinent part: "An application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ ...." Louisiana Supreme Court Rule IX, § 6; see also State v. Sanders, 337 So.2d 1131 (La. 1976) ("Because rehearings are not available from denial of a writ application, we may not consider the rehearing application."). Federal *habeas corpus* jurisprudence holds that such requests for rehearing are procedurally improper and therefore do not affect the finality date of a Louisiana state court conviction. Rogers v. Cain, Civil Action No. 05-0400, 2006 WL 2178579, at *3 (E.D. La. June 2, 2006) (Moore, M.J.), *adopted* by Feldman, J., on July 28, 2006, *certificate of appealability denied*, No. 06-30879 (5th Cir. Apr. 5, 2007); McGrew v. Cain, Civil Action No. 05-0383, at pp. 17-18 (E.D. La. June 8, 2005) (Wilkinson, M.J.), *adopted* by Duval, J., on February 9, 2006, *certificate of appealability denied*, No. 06-30285 (5th Cir. Oct. 24, 2006).

Accordingly, for the foregoing reasons, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on December 12, 2002, and expired one year later, i.e. on December 12, 2003, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). A "properly filed" application is one submitted according to the state's procedural requirements. Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999). However, petitioner had no "properly filed" applications for state post-

conviction relief or other collateral review pending at any time from December 12, 2002, through December 12, 2003.

The only application pending during that period was the *pro se* "Request for Rehearing" he filed with the Louisiana Supreme Court on September 27, 2002. However, for the reasons previously set forth, that was an improper filing under Louisiana law. Filings not allowed by state law are not "properly filed" so as to warrant statutory tolling under 28 U.S.C. § 2244(d)(2). See Douglas v. Horn, 359 F.3d 257, 262 (3rd Cir. 2004); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3rd Cir. 2003); Gaudet v. Cain, No. 01-30460, 2002 WL 243278, at *1 & n.5 (5th Cir. Jan. 18, 2002); Adeline v. Stinson, 206 F.3d 249, 252-53 (2nd Cir. 2000); Orgeron v. Cain, Civil Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006); Evans v. Senkowski, 228 F.Supp.2d 254, 263 (E.D.N.Y. 2002).

The Court also notes that petitioner filed with the state district court an application for post-conviction relief on February 25, 2004. However, because the federal statute of limitations had already expired at that point, that application and the related appellate court proceedings are of no consequence in these federal proceedings. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Lastly, the Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, *in rare and exceptional circumstances*, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling

applies principally where the plaintiff is *actively misled by the defendant* about the cause of action or is *prevented in some extraordinary way* from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted) (emphasis added). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.[19]

For the foregoing reasons, petitioner's federal application for *habeas corpus* relief had to be filed on or before December 12, 2003, in order to be timely. Petitioner's federal application was not filed until January 31, 2006,[20] and it is therefore untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Craig Wilson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[19] The Court expressly rejects any contention that petitioner should be granted equitable tolling because of a mistaken belief that his conviction was not final until after the Louisiana Supreme Court acted on his improperly filed request for rehearing. Ignorance of the law, even for an incarcerated *pro se* petitioner, does not justify equitable tolling. Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000).

[20] Petitioner mailed his federal *habeas corpus* application on January 31, 2006. Rec. Doc. 13, pp. 3 and 6.

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of May, 2007.

                          **SALLY SHUSHAN**
                          **UNITED STATES MAGISTRATE JUDGE**